In re AMERICAN PAD
& PAPER, Debtor.

Steven G. Singer, Appellant,

v.

Franklin Boxboard Co., Appellee.

Steven G. Singer, Appellant,

v.

W & D Machinery Co., Appellee.

Steven G. Singer, Appellant,

v.

Fox River Paper Co., Appellee.

Steven G. Singer, Appellant,

v.

Beautone Specialties, Appellee.

Steven G. Singer, Appellant,

v.

Dwyer Associates, Inc., Appellee.

Steven G. Singer, Appellant,

v.

Champion Intl Corp., Appellee.

Steven G. Singer, Appellant,

v.

International Paper Company,
Appellee.

Steven G. Singer, Appellant,

v.

Georgia–Pacific, Appellee.

Steven G. Singer, Appellant,

v.

Crown Roll Leaf, Inc., Appellee.

Steven G. Singer, Appellant,

v.

Nationwide Papers, Appellee.

Steven G. Singer, Appellant,

v.

International Paper Company
d/b/a Queen City Paper
Co., Appellee.

Steven G. Singer, Appellant,

v.

Fibermark, Inc., Appellee.

Steven G. Singer, Appellant,

v.

J & J Corrugated Box Corp., Appellee.

Steven G. Singer, Appellant,

v.

Unisource Worldwide, Inc., Appellee.

Steven G. Singer, Appellant,

v.

JBM Envelope Company, Appellee.

Steven G. Singer, Appellant,

v.

Fort James Corporation d/b/a Fort
James Communication
Papers, Appellee.

Steven G. Singer, Appellant,

v.

International Paper Company d/b/a
Beckett Papers, Appellee.

Steven G. Singer, Appellant,

v.

International Paper Company
d/b/a Xpedx, Appellee.

Steven G. Singer, Appellant,

v.

International Paper Company d/b/a
Strathmore Paper Company,
Appellee.

Nos. CIV.A.03–1077(KAJ), CIV.A.03–1098(KAJ), CIV.A.03–1101(KAJ), CIV.A.03–1078(KAJ), CIV.A.03–1099(KAJ), CIV.A.03–1106(KAJ), CIV.A.03–1088(KAJ), CIV.A.03–1100(KAJ), CIV.A.03–1107(KAJ), CIV.A.03–1108(KAJ),

CIV.A.03–1118(KAJ), CIV.A.03–1129(KAJ), CIV.A.03–1109(KAJ), CIV.A.03–1119(KAJ), CIV.A.03–1131(KAJ), CIV.A.03–1110(KAJ), CIV.A.03–1128(KAJ), CIV.A.03–1132(KAJ), CIV.A.03–1133(KAJ).

United States District Court,
D. Delaware.

Jan. 10, 2005.

Christopher James Lhulier, Pachulski, Stang, Ziehl, Young & Jones, P.C., Wilmington, DE, for Debtor.

Robert W. Mallard, Cooch & Taylor, Wilmington, DE, for appellant.

Jeffrey M. Schlerf, The Bayard Firm, Christopher Page Simon, Cross & Simon, LLC, Charlene D. Davis, The Bayard Firm, Joanne B. Wills, Klehr, Harrison, Harvey, Branzburg & Ellers, Joseph J. Bodnar, Monzack & Monaco, P.A., Stephanie Ann Fox, Klehr, Harrison, Harvey, Branzburg & Ellers, Kevin Joseph Mangan, Monzack & Monaco, P.A., William E. Chipman, Jr., Greenberg Traurig, LLP, Aaron A. Garber, Pepper Hamilton LLP, Wilmington, DE, for appellees.

Margaret Harrison, Wilmington, DE, U.S. Trustee.

## MEMORANDUM ORDER

JORDAN, District Judge.

## I. INTRODUCTION

Presently before me is an appeal by Steven G. Singer, Chapter 7 Trustee for the American Pad & Paper Estates, ("Appellant") from the October 28, 2003 Order of the Bankruptcy Court which held that the Appellant was barred by the statute of limitations set forth in 11 U.S.C. § 546(a) from avoiding preferential transfers under 11 U.S.C. § 547. (Docket Item ["D.I."] 2, Ex. L; the "Order.") For the reasons that follow, that Order is affirmed.

## II. BACKGROUND

American Pad and Paper Company ("APP") and its six related companies (collectively the "Debtor") entered Chapter 11 bankruptcy protection on January 10, 2000. (D.I. 2, Ex. K at 2–3.) Effective January 3, 2002, the Chapter 11 cases were converted to Chapter 7 cases. (D.I.2, Ex. I.) On that same date, Jeoffrey L. Burtch was appointed interim trustee.

(*Id.*, Ex. K at 3.) On February 13, 2002, a meeting of the creditors was held and the Appellant was elected permanent trustee. (*Id.*) Shortly thereafter, the Appellant attempted to avoid transfers pursuant to 11 U.S.C. § 547. (*Id.*)

The election of the Appellant as permanent trustee was more than 2 years after the entry of the order of relief. (*Id.*) Consequently, the Bankruptcy Court ruled that 11 U.S.C. § 546(a) barred the Appellant from initiating an avoidance action pursuant to 11 U.S.C. § 547. (*Id.*, Ex. L.)

## III. STANDARD OF REVIEW

This court has jurisdiction over appeals from the bankruptcy court pursuant to 28 U.S.C. § 158(a). On appeal, a clearly erroneous standard applies to the bankruptcy court's findings of fact and a plenary review standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). When reviewing mixed questions of law and fact, this court will accept the bankruptcy court's finding of "historical or narrative facts unless clearly erroneous, but [will] exercise plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (internal quotations omitted).

## IV. DISCUSSION

The statute of limitations set forth in 11 U.S.C. § 546 states in pertinent part:

(a) An action or proceeding under section ... 547 ... of this title may not be commenced after ...

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A) ....

11 U.S.C. § 546(a). "Subparagraph (B) refers only to appointment or election of a trustee under section 702 and not to section 701.... The date that a trustee qualifies to serve or accepts the appointment is immaterial under this subsection." 5 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 546.02 (15th ed.2004).

The Appellant argues that the appointment of an interim trustee under 11 U.S.C. § 701 should have the same effect on the calculation of the statute of limitations period as does the appointment or election of a trustee under the code sections expressly listed in subsection (B) of section 546. The Appellant argues that this must be the case because to hold otherwise would produce inconsistent and absurd results, contravene Congressional intent, and lead to a constitutionally defective interpretation of the statute. To hold otherwise would also, of course, prevent Appellant from pursuing the numerous adversary actions he wants to pursue. I disagree with the Appellant's arguments because the statute is plain in its language and constitutional in its effect here.

With respect to each of his arguments, including the argument that a literal interpretation of the statute would produce inconsistent and absurd results, the Appellant effectively acknowledges that he is arguing for a statutory interpretation contrary to the plain language of section 546. (*See* D.I. 9 at 11–16.) The Appellant contends, however, that, under a literal interpretation, parties are not put on notice as to when avoidance actions must be commenced. (*Id.* at 15.) That assertion is meritless. Although different factual scenarios will produce different results, the results are always established according to the same criteria and, therefore, the parties have notice of when certain actions must be commenced. The application of the statute is not complex: if, for example, a trustee is elected or appointed under section 702 within two years from the entry of the order of relief, then the trustee is granted an additional year from the date of his or her appointment or election to commence the avoidance action.

As for the argument that congressional intent is contravened by a literal interpretation of the statute, the Supreme Court has clearly stated that "Congress says in a statute what it means and means in a statute what it says there." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000). It might also be argued that a recent Third Circuit case, *Price v. Del. State Police Fed. Credit Union (In re Price)*, 370 F.3d 362 (3d Cir. 2004), supports Appellant's assertion that section 546(a) should be read as a whole and in the context of the Bankruptcy Code to extend the limitations period in a circumstance like this.[1] In that case, however, the Third Circuit stated that "policy, pre-Code practice, and such other tools of construction are to be relied upon only when, ultimately, the meaning of a provision is not plain." *In re Price*, 370 F.3d at 369. As noted above, the meaning of section 546(a) is clear and, therefore, I must presume that Congress intended its plain meaning. *Hartford Underwriters*, 530 U.S. at 6, 120 S.Ct. 1942.

■ The Appellant's last argument is that a literal interpretation of the statute

---

1. Although the Appellant has not made that argument here, he has made it in a separate case with similar legal and factual issues. (*See* C.A. No. 04–0238, D.I. 8 at 4–5.)

violates constitutional due process. (D.I. 9 at 19–21.) The Appellant argues that, under a literal interpretation of section 546(a), an interim trustee is not given a reasonable period of time to file the appropriate actions. (*Id.* at 19.) The flaw in the Appellant's argument is that the rights involved are not the trustee's. Rather it is the bankrupt entity whose rights are at stake, and, at a minimum, a bankrupt entity is allotted two years before section 546 bars the filling of various actions. One may question the wisdom of the public policy choices that led Congress to leave out of section 546 any provision for extending the limitations period in cases like those now on appeal, but that does not make the statute constitutionally infirm, either in principle or in its application here.

As the bankruptcy court's factual determinations in this matter are not clearly erroneous, and because the legal interpretations rendered by the bankruptcy court on October 28, 2003 were correct, the bankruptcy court's decision was appropriate and will not be disturbed.

## V. CONCLUSION

Accordingly, it is hereby ORDERED that the October 28, 2003 Order of the bankruptcy court is AFFIRMED.